Good morning, Your Honors. May it please the Court, I'm Katherine Lewis and I'm appearing today on behalf of the petitioner, Mr. Gurpreet Brar, and I'd like to reserve two minutes. After Mr. Brar's case was denied by the BIA in 2003, his brother was shot by the police who were inquiring about Mr. Brar's whereabouts. This individualized evidence that the BIA never addressed clearly constitutes a change in India that is relevant to Mr. Brar's claim for asylum based on his actual and imputed political opinion. It's well established that in the context of asylum law, the BIA is required to engage in an individualized analysis specific to the petitioner's situation, which here it failed to do. In addition, in the context of a motion to reopen, the Board is required to consider whether the new evidence submitted with the motion, coupled with the old evidence in the case, demonstrates prima facie eligibility for asylum. But here the Board entirely failed to consider the prior evidence of past persecution suffered by Mr. Brar in determining whether he'd established a prima facie case. As the court noted in the... So I thought that the... I have actually two questions. My first question, more basic, I had a problem understanding the BIA's decision as to whether it was ruling that the motion to reopen was untimely, or whether it was ruling that the motion to reopen was timely but didn't make a prima facie case. What is your reading of what the BIA was doing there? When this court remanded the case previously, it asked them to address four issues. And they said that they addressed that it was material and not previously unavailable evidence. But my reading of the Board's decision is that they're saying there's no prima facie eligibility and there's no change making it timely. And I think those two inquiries are interlinked because obviously if he's now established prima facie eligibility, there's got to be some kind of change because the last time the court, the case was before the court, it turned on whether or not there was changed country conditions as of 2003. And this court upheld the IJ's determination on that finding. So if there was new evidence that would make him prima facie eligible, then I think that... It would also make it timely. I understand. So it's a merged inquiry in your view. That's my view. Although they don't make it super clear. Now, the Ninth Circuit panel, seeing this case before, upheld the decision that there wasn't past persecution. So you're not asking us to revisit the past persecution issue, right? Just to say that the evidence or the facts have to now be looked at again with this new evidence to look for future persecution. Is that what you're saying? That's actually not what I'm saying. Because in 2005, when this court was reviewing the original decision in the case, they didn't address the issue of past persecution at all. Instead, they said, if we find everything is true, we find that there's a change in the country conditions evidence. So they were silent on the issue of whether or not Mr. Brar, in the first instance, had established that there was past persecution in the case. So that issue is still open and up for play, and Mr. Brar has consistently challenged the original determination that there wasn't past persecution on account of. Now, we're not asking the court to revisit the judge in the board's first decision on that point. Because in the Bassan v. Gonzales case from this court in 2005, the court basically said, we don't revisit those prior decisions of the IJ and the BIA, but the board, in looking at a motion to reopen, is required to look at the old evidence coupled with the new evidence. And the board here just entirely failed to do that. They didn't address the old evidence in any capacity, and that's plain error. Because it's established that if you establish past persecution, there's a presumption of future persecution. And so the board, by not considering the prior evidence in Mr. Brar's case, they didn't make that threshold determination about past persecution in the context of the motion to reopen in plain error. And how do we know that they didn't consider all the past evidence? They make absolutely no reference to it. I mean, they cite only to a few of the country conditions evidence that are submitted with the motion to reopen. And they have no discretion whatsoever of either the past persecution or the new individualized evidence that Mr. Brar submitted that was specific to his case. So they have some language, but we've reviewed the evidence, et cetera, and we do have some cases that say we don't require the BIA to identify every document they looked at, and general statements about review of the record are enough. The way that I read the decision, in paragraph 2 they reference all the evidence, and there it seems like they are referencing it in terms of that evidence being new and material. But then in the third paragraph where they are actually addressing these issues of changed country conditions and whether or not there's prima facie eligibility, they're completely silent about either the past incidents. And here, because if you show that there's past persecution, there's a presumption of future persecution, it seems like they need to have some kind of discussion. It's not even clear that they reference, when they're referencing all the evidence, it seems like it's being referenced even in paragraph 2, it's just what's submitted with the motion to reopen. And they just turn a blind eye to the kind of prior incidents suffered by Mr. Brar, and that's plain error because here, if you look at all the evidence, it's clear he's established a prima facie case for asylum. The physical harm that he suffered when he was arrested by the police clearly rises to the level of persecution. And there's direct and circumstantial evidence that show the Indian authorities persecuted him because of their belief that he's a supporter of Khalistan and associated with militants, and they've imputed a political opinion to him. There's direct evidence in the initial proceedings. Mr. Brar, every time he was beaten by the police, they said, I'll give you Khalistan. There's also circumstantial evidence. The second arrest was right after the assassination of Beyant Singh, and the police basically were compelling him to give false testimony against people who they were saying were terrorists, and they said if he refused to do so, they would shoot him. This kind of arrest and interrogation doesn't have any due process that can be seen as legitimate. And the evidence that was submitted with Mr. Brar's motion to reopen makes it even clearer why he was targeted in the past. In 2005, not long after Mr. Brar's brother had been shot at and the police were looking for Mr. Brar, the NSAF organization released a report about the Punjabi police, which further corroborates the claim. That report acknowledges, though the earlier militancy had ended, in 2004, 2005, there was a, quote, recent revival of militancy attributed arrests and, quote, escalation of human rights violations committed in the context of national security. And that report starts at A.R. 541. That report is particularly telling in this case because the arrests, this increase in arrests were centered around the main person accused in the 1995 assassination of Beyant Singh, which is directly what Mr. Singh had previously or Mr. Brar had previously been arrested for in this case. And having a prior, that report also talks about if you had a prior history with the police, you were more likely to be targeted in this revival of the of the militancy attributed arrests. And so and it also kind of talks about the fact that police were fabricating evidence in these cases. So the BIA seemed to be more impressed by the country reports and the evidence that the condition of Sikhs had improved in the country, so that the change conditions were actually favorable to Mr. Brar. Right. And the board's focus on that point is just misplaced, because the main point in this case isn't that his persecution that he fears is based on his Sikh religious views, but more on his imputed political opinion in favor of Khalistani and being associated with the militants. But I thought he was being beaten because he wouldn't be to serve as a witness, as opposed to his political views, is what I thought the paper said. Well, I think that was the IJ's finding, but I don't know that that's not. This court isn't bound by that finding. And if you look at all the evidence, it suggests that the police, one of the central reasons that they were persecuting him was because of the, you know, that's the comments that they made that he was about Khalistan suggest otherwise, that they were of some association with the militants. And I'd like to just reserve the rest of my time. Thank you. Again, my name is Brooke Maurer for the respondent attorney general. Again, there's two issues in this case, whether or not the petitioner showed that the board abused his discretion when they didn't reopen on the finding that he didn't show that he was prima facie eligible for asylum and whether or not he established that there were changed conditions in India. I'll address the first as to the prima facie eligibility petitioner asserts that the whole record was enough, including the new evidence to show a finding. And the board's decision clearly showed that they considered the evidence as a whole, and even cited a certain portions of it, finding particularly concerning, as the immigration judge did in his initial decision, that there was nothing showing why the government had a continued interest in Mr. Brar. Although his brother claimed that he was shot at, the fact of the record shows that the police arrived, he turned, he ran, and they shot at him to stop him. There's nothing in there claiming outside of the fact that they asked about his whereabouts. They don't know if they asked about his whereabouts because of his failure to appear or any additional things in there, and there's nothing concerning related to a protected ground that the board would turn to to support reopening on that portion of eligibility. The government further asserts that the change... Excuse me. So opposing counsel says that you have to take that information in the context of the information that was brought forth previously in his prior case. Is that correct? Do you disagree with that? Well, the board looks at the evidence as a whole. They basically look at that, and they factually determine whether or not it was enough. It's basically, is it enough standard? And previously, it wasn't enough. If you looked at the evidence he had submitted, both the immigration judge and the board determined that there was not enough evidence in the record to show that he was going to be persecuted or had been persecuted on account of a protected ground. Here he submitted, as I stated, that evidence of those articles, which do not specify him as an actual person or signify him in any of those articles, nor does the actual affidavit from his brother even state why they were after him, just that they were after... They questioned his whereabouts. They didn't threaten to harm him or kill him. And the board noted that there's no underlying ground that that could be used for reopening. As far as the changed conditions, the board also pointed out that things have improved as the country conditions reflect, and although, like, some sorts of civil unrest cannot be avoided, that alone cannot be used for, you know, a changed country conditions, and they have, in fact, changed for the positive. Do you think that the board was finding this to be untimely? I think in addressing the court's remand, they looked at it because it was untimely, and by... I agree also with kind of, like, the assessment that it kind of shifted over to a changed country conditions slash prima facie eligibility case, but they did note that the evidence that he submitted was new and previously unavailable, which I believe they kind of sideswept the timeliness on that point and moved closer to the changed conditions. Any further questions, Your Honor? Then the government will submit. Thank you. Okay. Just two brief points. One, the BIA in its decision only addresses the evidence that was submitted with the motion to reopen. They make no reference in their decision to the prior evidence in this case, and that makes it clear that they haven't really taken that into account and addressed the issue of past persecution, which is a threshold matter in... I gather that when they filed it, when I looked at the motion to reopen, there were a number of attachments to it, which seemed to include evidence that had been submitted the first time. Is that right? The entire record wasn't submitted. But there were parts of the record that were submitted. You know, off the top of my head, I'm not exactly sure what was submitted with the motion to reopen. I don't believe it included all of the evidence that had previously been before the IJ. And if I can just make one last point in no amount of time, but the BIA entirely failed to address Mr. Brar's claim for Kat, which he asserted in the motion to reopen, and they simply are silent on that, and that's in error. The board can't ignore an issue that was raised. Thank you. Thank you. We appreciate your arguments. That matter will be submitted at this time.
judges: Fletcher B. , Paez, Ikuta